IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JACKIE WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CASH AMERICA NET OF MISSOURI, LLC, et al.,<br><br>　　　　Defendants. | Civil No. 4:11-CV-00429-ODS |

## ANSWER OF DEFENDANTS CASH AMERICA NET OF MISSOURI, LLC AND CASH AMERICA FINANCIAL SERVICES, INC.

Pursuant to Federal Rule of Civil Procedure 12, Defendant Cash America Net of Missouri, LLC ("CashNet") and Defendant Cash America Financial Services, Inc. ("CAFS") state as follows for their Answer to Plaintiff's Complaint:

1.　CashNet and CAFS lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint and, therefore, deny the same.

2.　CashNet admits that it is a Delaware limited liability company and that its registered agent for service of process in Missouri is Capitol Corporate Services, Inc., 222 E. Dunklin, Suite 102, Jefferson City, Missouri 65101, but denies each of the remaining allegations in paragraph 2 of Plaintiff's Complaint. CAFS lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2 of Plaintiff's Complaint and, therefore, denies the same.

3.　CAFS admits that it is a Delaware corporation and that its registered agent for service of process in Missouri is Capitol Corporate Services, Inc., 222 E. Dunklin, Suite 102,

Jefferson City, Missouri 65101, but denies each of the remaining allegations in paragraph 3 of Plaintiff's Complaint. CashNet lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint and, therefore, denies the same.

4. CashNet and CAFS lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint and, therefore, deny the same.

5. CashNet and CAFS lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint and, therefore, deny the same.

6. CashNet and CAFS lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint and, therefore, deny the same.

7. CashNet and CAFS deny the allegations in paragraph 7 of the Complaint.

8. CashNet admits that Plaintiff took out a loan from CashNet on account number 11719690, but denies each of the remaining allegations in paragraph 8 of Plaintiff's Complaint. CAFS denies that it loaned any money to Plaintiff and that it is or was doing business as "Cashnet," but lacks knowledge or information sufficient to form a belief about the truth of each of the remaining allegations contained in paragraph 8 of Plaintiff's Complaint and, therefore, denies the same.

9. CashNet admits that Plaintiff did not meet her payment obligations to CashNet, but denies each of the remaining allegations contained in paragraph 9 of Plaintiff's Complaint.

DB04/802906.0005/4526468.1

CAFS lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9 of Plaintiff's Complaint and, therefore, denies the same.

10. CashNet and CAFS deny the allegations in paragraph 10 of the Complaint.

11. CashNet and CAFS deny the allegations in paragraph 11 of the Complaint.

12. CashNet and CAFS deny the allegation in paragraph 12 of the Complaint that they requested the alleged $250.00 payment from Plaintiff, and further deny that CAFS is or was doing business as "Cashnet," but lack knowledge or information sufficient to form a belief about the truth of each of the remaining allegations contained in paragraph 12 of Plaintiff's Complaint and, therefore, deny the same.

13. CashNet and CAFS lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint and, therefore, deny the same.

14. CashNet and CAFS lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14 of Plaintiff's Complaint and, therefore, deny the same.

15. CashNet and CAFS lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15 of Plaintiff's Complaint and, therefore, deny the same.

16. CashNet admits that Plaintiff called CashNet on January 6, 2011 and spoke to a representative named Jonathan, and further admits that Plaintiff has provided CashNet with a purported recording of this call, but CashNet denies that paragraph 16 of Plaintiff's Complaint accurately quotes said recording and denies each of the remaining allegations contained in paragraph 16 of Plaintiff's Complaint. CAFS lacks knowledge or information sufficient to form

3

Case 4:11-cv-00429-ODS   Document 11   Filed 05/31/11   Page 3 of 10

a belief about the truth of the allegations contained in paragraph 16 of Plaintiff's Complaint and, therefore, denies the same.

17. CashNet admits that one of its representatives sent an email to Plaintiff dated January 7, 2011, but states that the email speaks for itself and, therefore, denies each of the remaining allegations in paragraph 17 of Plaintiff's Complaint. CAFS denies that it sent the email alleged in paragraph 17 of Plaintiff's Complaint and denies that it is or was doing business as "Cashnet," but lacks knowledge or information sufficient to form a belief about the truth of each of the remaining allegations contained in paragraph 17 of Plaintiff's Complaint and, therefore, denies the same.

18. CashNet and CAFS deny the allegations in paragraph 18 of the Complaint.

19. CashNet and CAFS lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint and, therefore, deny the same.

20. CashNet and CAFS lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20 of Plaintiff's Complaint and, therefore, deny the same.

## COUNT ONE
### VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT
(Defendants Cash America of Missouri and Cash America Financial)

21. CashNet and CAFS deny the allegations in paragraph 21 of the Complaint.

22. CashNet and CAFS deny the allegations in paragraph 22 of the Complaint.

23. CashNet and CAFS deny the allegations in paragraph 23 of the Complaint.

24. CashNet and CAFS deny the allegations in paragraph 24 of the Complaint.

25. CashNet and CAFS deny the allegations in paragraph 25 of the Complaint.

## COUNT TWO
## FRAUD
(Defendants Cash America of Missouri and Cash America Financial
and North Eastern Capital Corp.)

26. In response to paragraph 26 of Plaintiff's Complaint, CashNet and CAFS incorporate by reference their responses to paragraphs 1 through 25 of Plaintiff's Complaint above as though fully set forth herein.

27. CashNet and CAFS deny the allegations in paragraph 27 of the Complaint.

28. CashNet and CAFS deny the allegations in paragraph 28 of the Complaint.

29. CashNet and CAFS deny the allegations in paragraph 29 of the Complaint.

30. CashNet and CAFS deny the allegations in paragraph 30 of the Complaint.

31. CashNet and CAFS deny the allegations in paragraph 31 of the Complaint.

32. CashNet and CAFS deny the allegations in paragraph 32 of the Complaint.

33. CashNet and CAFS deny the allegations in paragraph 33 of the Complaint.

34. CashNet and CAFS deny the allegations in paragraph 34 of the Complaint.

## COUNT THREE
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
(Defendant North Eastern Capital Corp.)

35. In response to paragraph 35 of Plaintiff's Complaint, CashNet and CAFS incorporate by reference their responses to paragraphs 1 through 34 of Plaintiff's Complaint above as though fully set forth herein.

36. The allegations contained in paragraph 36 of Plaintiff's Complaint are directed against a co-defendant and do not require a response from CashNet or CAFS. To the extent that any of the allegations in paragraph 36 of Plaintiff's Complaint are directed against CashNet or CAFS, all such allegations are denied.

37. The allegations contained in paragraph 37 of Plaintiff's Complaint are directed against a co-defendant and do not require a response from CashNet or CAFS. To the extent any of the allegations in paragraph 37 of Plaintiff's Complaint are directed against CashNet or CAFS, all such allegations are denied.

38. The allegations contained in paragraph 38 of Plaintiff's Complaint are directed against a co-defendant and do not require a response from CashNet or CAFS. To the extent any of the allegations in paragraph 38 of Plaintiff's Complaint are directed against CashNet or CAFS, all such allegations are denied.

39. The allegations contained in paragraph 39 of Plaintiff's Complaint are directed against a co-defendant and do not require a response from CashNet or CAFS. To the extent any of the allegations in paragraph 39 of Plaintiff's Complaint are directed against CashNet or CAFS, all such allegations are denied.

40. The allegations contained in paragraph 40 of Plaintiff's Complaint are directed against a co-defendant and do not require a response from CashNet or CAFS. To the extent any of the allegations in paragraph 40 of Plaintiff's Complaint are directed against CashNet or CAFS, all such allegations are denied.

**COUNT FOUR**
**<u>VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>**
(Defendant North Eastern Capital Corp.)

41. In response to paragraph 41 of Plaintiff's Complaint, CashNet and CAFS incorporate by reference their responses to paragraphs 1 through 40 of Plaintiff's Complaint above as though fully set forth herein.

42. The allegations contained in paragraph 42 of Plaintiff's Complaint are directed against a co-defendant and do not require a response from CashNet or CAFS. To the extent any

of the allegations in paragraph 42 of Plaintiff's Complaint are directed against CashNet or CAFS, all such allegations are denied.

43. The allegations contained in paragraph 43 of Plaintiff's Complaint are directed against a co-defendant and do not require a response from CashNet or CAFS. To the extent any of the allegations in paragraph 43 of Plaintiff's Complaint are directed against CashNet or CAFS, all such allegations are denied.

44. The allegations contained in paragraph 44 of Plaintiff's Complaint are directed against a co-defendant and do not require a response from CashNet or CAFS. To the extent any of the allegations in paragraph 44 of Plaintiff's Complaint are directed against CashNet or CAFS, all such allegations are denied.

45. The allegations contained in paragraph 45 of Plaintiff's Complaint are directed against a co-defendant and do not require a response from CashNet or CAFS. To the extent any of the allegations in paragraph 45 of Plaintiff's Complaint are directed against CashNet or CAFS, all such allegations are denied.

46. The allegations contained in paragraph 46 of Plaintiff's Complaint are directed against a co-defendant and do not require a response from CashNet or CAFS. To the extent any of the allegations in paragraph 46 of Plaintiff's Complaint are directed against CashNet or CAFS, all such allegations are denied.

47. CashNet or CAFS deny each and every allegation in Plaintiff's Complaint not expressly admitted herein.

## ADDITIONAL DEFENSES

48. Plaintiff's Complaint fails to state a claim against CashNet or CAFS upon which relief can be granted. In support of this defense, but without limiting the bases for the defense, CashNet or CAFS state as follows:

    (a) CAFS did not make the loan to Plaintiff that is the subject of Plaintiff's Complaint and, therefore, is not a proper Defendant in this action;

    (b) CashNet sold and assigned the loan that is the subject of Plaintiff's Complaint to Defendant Debt Management Partners well prior to the alleged acts and events that are the subject of Plaintiff's Complaint, and, therefore, is not a proper Defendant in this action;

    (c) Neither CashNet nor CAFS sold or assigned Plaintiff's loan to Defendant North Eastern Capital Corp., nor do CashNet or CAFS have any relationship with Defendant North Eastern Capital Corp.; and

    (d) Defendant North Eastern Capital Corp. is not and was not at any time authorized to act as an agent for CashNet or CAFS.

49. CAFS is not subject to personal jurisdiction in Missouri with respect to the claims asserted in Plaintiff's Complaint. Plaintiff's claims do not arise out of any act or transaction by CAFS in Missouri, and CAFS does not have sufficient contacts with Missouri to give rise to general jurisdiction.

50. Any damages sustained by Plaintiff were not proximately caused by CashNet or CAFS.

51. Any damages sustained by Plaintiff were proximately caused, in whole or part, by Plaintiff's own acts or omissions and/or by the acts or omissions of other persons or parties over whom CashNet and CAFS had no control, and Plaintiff's recovery, if any, is barred or should be

diminished in proportion to the comparative fault of such others, including, but not limited to, Plaintiff.

52. Plaintiff's claims are barred because Plaintiff failed to mitigate her damages, if any, in the manner and to the extent required by law.

53. Plaintiff's claims for damages and other relief are subject to all applicable statutory caps and limitations.

54. CashNet and CAFS reserve the right to assert any additional defenses that may be disclosed during discovery in this case.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants Cash America Net of Missouri, LLC and Cash America Financial Services, Inc. respectfully request that all claims against them in the Complaint be dismissed, that they be awarded their costs and attorney's fees herein incurred and expended, and that they be awarded such other and further relief as the Court may deem just and proper.

STINSON MORRISON HECKER LLP

By:   s/ Brian E. Sobczyk
    Brian E. Sobczyk    MO #56945
    1201 Walnut, Suite 2900
    Kansas City, MO 64106
    Telephone: (816) 842-8600
    Facsimile: (816) 691-3495
    bsobczyk@stinson.com

ATTORNEY FOR DEFENDANTS CASH AMERICA NET OF MISSOURI, LLC AND CASH AMERICA FINANCIAL SERVICES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2011, a copy of the foregoing was filed electronically with the clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Ashley Scott Waddell
WADDELL LAW FIRM, LLC
2029 Wyandotte St., Ste. 100
Kansas City, MO 64108
(816) 221-2555
Fax: (816) 221-2508
scott@aswlawfirm.com
ATTORNEY FOR PLAINTIFF

David Alois Jermann
Sarah V. Hanson
ARMSTRONG TEASDALE LLP
2345 Grand Boulevard, Suite 2000
Kansas City, MO 64108
(816) 221-3420
Fax: 816-221-0786
djermann@armstrongteasdale.com
shanson@armstrongteasdale.com
ATTORNEYS FOR DEFENDANT
DEBT MANAGEMENT PARTNERS

                                                    s/ Brian E. Sobczyk